UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 10, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Kierson William-Spates, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action No. H-19-3144 |
| Andrew Saul, | § § § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

   The question presented is whether substantial evidence supports the commissioner's decision that Kierson William-Spates is not disabled under the Social Security Act. It does.

   Kierson William-Spates brought this action for judicial review of the commissioner's decision denying him supplemental security income. 42 U.S.C. § 405(g). Both sides have moved for summary judgment.

2. *Standard of Review.*

   Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but those where governmental regularity has lapsed into an exercise of mere will.

   A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence,

try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *Statutory Criteria.*

The social security regulations prescribe a three-step process to evaluate whether a claimant who is not 18 years old is still disabled. 20 C.F.R. 416.994a(b). First, the hearing officer determines whether there has been medical improvement in the impairment that the claimant had at the comparison point decision, the most recent medical determination that he was disabled. Second, the officer determines whether a claimant's current impairment meets or equals the listed severity from the comparison point decision. In the final step, the officer evaluates the limitations of the claimant in six domains of function: (a) acquiring and using information; (b) attending and completing tasks; (c) interacting and relating with others; (d) moving about and manipulating objects; (e) caring for himself; and (f) health and physical well-being. The claimant's ability to appropriately, effectively, and independently perform the activities is compared to the performance of children of the same age who are not impaired.

4. *Background.*

William-Spates was born on March 10, 2003. On March 19, 2004, he was deemed disabled because he had a tracheotomy at eight months old. William-Spates underwent a procedure to reverse the operation at three years old. He has not required ventilation since that time or had respiratory problems.

On July 15, 2015, William-Spates was deemed not disabled. This determination was upheld upon reconsideration and he then filed a written request for a hearing. After the hearing on May 2, 2018, an administrative law judge upheld the determination that William-Spates is not disabled and denied him supplemental security income. The Appeals Council denied a request for review on June 20, 2019.

5. *Application.*

The officer adhered to the three-step process and properly found that William-Spates is not disabled.

A. *Step One.*

A child with a tracheostomy is deemed disabled until he turns three years old; to be deemed disabled after that age, the child must need mechanical ventilation for at least four hours a day for at least 90 consecutive days.

William-Spates had a tracheotomy at eight months old, leaving him with a tracheostomy. At three years old, he underwent a procedure to reverse the operation. William-Spates has not required ventilation since that time nor had respiratory problems.

Because there has been medical improvement since William-Spates was deemed disabled, his application for disability fails this step.

B. *Step Two.*

To be deemed disabled after age three, the child must need mechanical ventilation for at least four hours a day for at least 90 consecutive days.

William-Spates underwent a procedure to reverse the tracheostomy, and he has not required ventilation since that time nor had respiratory problems. Because William-Spates does not meet or equal the listed severity from the comparison point decision, his application for disability fails this step.

C. *Step Three.*

In the final step, the officer assesses how appropriately, effectively, and independently the child can perform activities as compared to children of the same age who are not impaired. Limitations are evaluated in six domains of function: (a) acquiring and using information; (b) attending and completing tasks; (c) interacting and relating with others; (d) moving about and

manipulating objects; (e) caring for himself; and (f) health and physical well-being.

The officer appropriately assessed how appropriately, effectively, and independently William-Spates can perform activities compared to children of the same age who are not impaired. No evidence in the record indicates that he is limited in the six domains of function. William-Spates has done well in school and passed all his classes, never repeating a grade. He is self-reliant in the activities of daily living. William-Spates is respectful to teachers and other students, and he has a good relationship with his family. He can run, jump, throw a ball, and ride a bicycle. William-Spates has had normal physical examinations and, although he reportedly had chronic kidney disease, an ultrasound was normal in 2018.

His application for disability also fails this step.

6. *Conclusion.*

The decision of the commissioner denying William-Spates's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed on August  10 , 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge